IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JOSEPH OBERSTREET, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 3:07-cv-1063 |
| ) | |
| THE METROPOLITAN GOVERNMENT ) | Judge Thomas A. Wiseman, Jr. |
| OF NASHVILLE AND DAVIDSON COUNTY ) | |
| and OFFICER ROBERT SHELTON, ) | Magistrate Judge John S. Bryant |
| ) | |
| Defendants. ) | |

## ORDER

Plaintiff Joseph Overstreet[1] filed this action against the Metropolitan Government of Nashville and Davidson County ("Metro") and Officer Robert Shelton asserting claims under 42 U.S.C. § 1983 for (1) use of excessive force in arresting him; (2) violation of his equal protection rights; (3) gross negligence; (4) violation of his substantive due process rights; and (5) cruel and unusual treatment; as well as various state law negligence claims. Defendants have filed a Motion to Dismiss (Doc. No. 29) all claims asserted in the Amended Complaint, pursuant to Fed. R. Civ. P. 12(b)(6).

The Defendants' motion (Doc. No. 29) is hereby **GRANTED IN PART AND DENIED IN PART**. Specifically, as explained in the accompanying Memorandum Opinion, the Court finds that Plaintiff has failed to state claims for violation of his equal protection or substantive due process rights under the Fourteenth Amendment, or a violation of the Eighth Amendment. The motion to dismiss those claims is therefore **GRANTED**. Further, to the extent the Plaintiff seeks to state a claim for negligence or gross negligence under § 1983, that claim likewise fails and the motion to dismiss it is **GRANTED**.

However, Plaintiff's Amended Complaint has clearly stated a valid excessive-force claim for purposes of Rule 12(b)(6). Because a separate motion for summary judgment on the grounds of qualified immunity is also pending, the Court declines to convert the present motion into a Rule 56 motion, despite the parties' factual submissions. The motion to dismiss the excessive-force claim is therefore **DENIED**.

---

[1] The spelling of the plaintiff's name in the complaint, original case caption and many of the plaintiff's other filings contains a typographical error. Plaintiff's last name is actually "Overstreet," not "Oberstreet." (Overstreet Dep. (Doc. No. 45-1) at 4:12–20.)

In addition, the Court will reserve ruling on the motion to dismiss the state law claims, and will instead address those claims in the context of ruling on the motion for summary judgment. Accordingly, the motion to dismiss the state-law claims is likewise **DENIED**.

It is so **ORDERED**.

_____
Thomas A. Wiseman, Jr.
Senior U.S. District Judge