IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JOSEPH OBERSTREET, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 3:07-cv-1063 |
| ) | |
| THE METROPOLITAN GOVERNMENT ) | Judge Thomas A. Wiseman, Jr. |
| OF NASHVILLE AND DAVIDSON COUNTY ) | |
| and OFFICER ROBERT SHELTON, ) | Magistrate Judge John S. Bryant |
| ) | |
| Defendants. ) | |

## ORDER of FINAL JUDGMENT

Before the Court is Defendants' Motion for Summary Judgment (Doc. No. 45). The Court previously granted in part the Defendants' motion to dismiss, so the only claims still pending are the § 1983 claims based on the alleged use of excessive force in conducting Plaintiff's arrest, and various state-law negligence claims. Defendants assert that Officer Shelton is entitled to qualified immunity as to the excessive-force claim and that Plaintiff has not stated a claim against Metro for municipal liability, nor offered any evidence in support of such a claim. They also assert that the Court lacks jurisdiction over the state law claims pursuant to the Tennessee Governmental Tort Liability Act, Tenn. Code Ann. §§ 20-29-101 *et seq.*, and that in any event, the Court should decline to exercise supplemental jurisdiction over the state claims once the federal claims are dismissed.

For the reasons set forth in the accompanying Memorandum Opinion, the Court finds that Plaintiff Joseph Overstreet[1] has failed to state a claim for a constitutional violation with respect to the alleged use of excessive force and that Officer Shelton is therefore entitled to qualified immunity as to that claim. Because no valid § 1983 claim has been stated against Officer Shelton, the § 1983 claim against Metro based on Shelton's alleged use of excessive force is also subject to dismissal. The Defendants' motion for summary judgment as to the federal claims against the Defendants is therefore **GRANTED** and those claims are dismissed with prejudice.

Having dismissed all the federal claims over which it had original jurisdiction, the Court declines

---

[1] The spelling of the plaintiff's name in the complaint, original case caption and many of the plaintiff's other filings is apparently erroneous. Plaintiff's last name is actually "Overstreet," not "Oberstreet." (Dep. of J. Overstreet (Doc. No. 45-1) at 4:12–20.)

to exercise jurisdiction over the remaining state law claims, pursuant to 28 U.S.C. § 1367(c)(3). Those claims are hereby **DISMISSED WITHOUT PREJUDICE**.

This action is **DISMISSED** in its entirety and judgment is hereby entered in favor of the Defendants.

It is so **ORDERED**.

This is a final judgment for purposes of Fed. R. Civ. P. 58.

.

                                              Thomas A. Wiseman, Jr.
                                              Senior U.S. District Judge